IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA DOLAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| ) | CV-17- |
| vs. ) | JURY DEMAND |
| ) | |
| COMMUNITY EDUCATION ) | |
| CENTERS d/b/a ALABAMA ) | |
| THERAPEUTIC EDUCATION ) | |
| FACILITY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," as amended by "The Civil Rights Act of 1991," 42 U.S.C. §2000e, *et seq.* (hereinafter "Title VII") that provides for relief against discrimination in employment on the basis of sex. Plaintiff also seeks compensatory and punitive damages pursuant to 42 U.S.C. §2000e *et seq.* and the Seventh Amendment of the Constitution of the United States. This action is also for injunctive relief, back-pay,

1

and other damages and liquidated damages for violations The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

## II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), and the Act of Congress known as "the Age Discrimination in Employment Act," 29 U.S.C. §621 *et seq.* The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 29 U.S.C. §621 *et seq.* providing for injunctive and other relief against age discrimination.

3. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§1331, 1343(4); 28 U.S.C. §§201 and 2202; and 42 U.S.C. 2000e-5(f)(3).

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under the Age Discrimination in Employment Act, 29 U.S.C., §621 *et seq.* Plaintiff timely filed her charge of age and sex discrimination within 180 days of occurrence of the last discriminatory act. Plaintiff timely filed her claim of age and race discrimination within 90 days of the receipt of her right-to-sue letter from the Equal Employment Opportunity Commission.

5. The unlawful employment practices alleged herein below were committed by defendant within Shelby County of the State of Alabama. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(g).

## III. PARTIES

6. Plaintiff, Laura Dolan, is a female citizen of the United States of America and a resident of the State of Alabama and is over the age of forty (40) years. At all times relevant to this action, the plaintiff was employed by the defendants at their Columbiana, Shelby County, Alabama location.

7. The defendant, Community Education Centers ("CEC") d/b/a Alabama Therapeutic Education Facility ("ATEF"), is an employer within the meaning of 42 U.S.C. §2000e(a)(b) and is subject to suit under the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* At all times relevant to this action, the defendant has employed at least fifteen (15) or more employees.

## IV. FACTUAL ALLEGATIONS

8. The plaintiff re-alleges and incorporates by reference paragraphs 1-7 above with the same force and effect as if fully set out in specific detail herein below.

9. The plaintiff is a female over the age of 40 who was employed by Defendant Community Education Centers ("CEC") d/b/a Alabama Therapeutic Education Facility ("ATEF") in Columbiana, Alabama.

10. The plaintiff began employment with the defendant on December 1, 2014. CEC runs ATEC through a contract with the Alabama Department of Corrections.

11. The plaintiff also performed work for CEC at their Florida Everglades Re-entry Facility through a contract with the Florida Department of Corrections.

12. ATEF is a residential re-entry center. The plaintiff was employed with CEC as the Deputy Director of Treatment at ATEF. The plaintiff is a licensed clinician and, in this position, she oversaw all the units for treatment purposes. Even though there were units that were considered "extra bed space" ADOC still requested treatment for some of the inmates on those units. There were unit managers for all of the units and the plaintiff supervised them, as well as Unit Supervisors. The non-treatment units did not have program counselors, they only had operational counselors who the plaintiff's male counterpart supervised.

13. Plaintiff's job duties and responsibilities included, but were not limited to: providing administrative and/or clinical oversight to Therapeutic Community Treatment Services – leading 25 team members including Unit Managers, Unit Supervisors, Program Counselors, and University Interns; performing organizational diagnostics to identify key opportunities for improvement and intervention within the Therapeutic Community; developing and facilitating both treatment and operation staff training; and, overseeing staff appreciation committee to transition culture to one of open communication, collaboration, strength based, and shared goals.

14. Plaintiff was also responsible for (a) developing a strengths-based unit

management training, returning focus to creating a strong foundation on which to build interdisciplinary treatment initiatives, training programs, and resident-focused programming; (b) revise facility treatment policies and procedures, to instill quality and a continuous improvement focus; (c) developing 8 hour TC Clinical Training for Operation Staff, to create a seamless and collaborative culture between security and treatment personnel (d) Providing Technical Assistance and Clinical Training, to various facilities within Community Education Centers, i.e., Everglades Correctional Facility, Miami Florida; (e) providing program counselors guidance, supervision and coaching in, treatment group facilitation, individual treatment sessions with residents, writing treatment plans, writing treatment notes for every treatment contact with residents, writing discharge summaries; (f) providing Unit Mangers and Unit Supervisors guidance, supervision and coaching in, facilitation of weekly interdisciplinary treatment team meetings in order to review, update and audit treatment plans and residents progress in treatment; (g) providing Therapeutic Community Experiential Training to all ATEF staff and provide the same training at other CEC facilities as dictated by corporate headquarters; (h) providing pre-service clinical training to all new staff; (i) providing yearly in-service clinical training to all current staff; (j) oversight of Family Engagement Services; (k) oversight of Alumni Services; and (l) conducting employee evaluation of treatment staff to ensure they

were providing evidence based treatment (Cognitive Behavioral Treatment, Motivational Interviewing, Behavior Modification, Strength Based Approach, etc.) and following all policies and procedures of ATEF/CEC, especially those related to treatment and clinical services.

15. On October 25, 2015, the plaintiff was notified that she was being laid off from her position and that the non-treatment units were being disbanded, leaving only treatment units. However, instead of keeping the plaintiff, a LGSW, as the Deputy Director of Treatment to supervisor those units, the Defendant kept the male director/supervisor even though he was not a licensed clinician and not qualified to supervise individuals working in the treatment units.

16. At the time the plaintiff was laid off, she was the only corporate approved Therapeutic Community Experiential trainer at ATEF. No other staff at ATEF, at the time, was approved to facilitate the training. The remaining 3 units at ATEF are all Therapeutic Communities, therefore according to CEC's own guidelines all staff should go through the therapeutic community experiential training, especially the treatment staff.

17. In addition, the only other high level administrator that was laid off was a female as well. There was a younger white male, Kyle Waldon, who was recently promoted to training manager and was considered part of the executive team. He had

6

less seniority then the plaintiff and was not laid off. The other female laid off was also considered part of the executive team.

18. After she was laid off, the majority of the plaintiff's duties were given to Unit Manager Mr. Derrick Williams, who is male, under the age of 40, and who only possessed a high school diploma at the time.

19. The plaintiff's last day of employment with CEC and ATEF was on October 31, 2015.

## V. COUNT ONE - SEX DISCRIMINATION IN TERMINATION/LAYOFF

20. The plaintiff re-alleges and incorporates by reference paragraphs 1-19 above with the same force and effect as if fully set out in specific detail herein below.

21. As described above, Plaintiff was treated differently because of her sex, female, when she was selected for termination/layoff from her position with the defendant, when similarly situated, less qualified male employees, Kyle Waldon and Derrick Williams, were treated more favorably and were not terminated.

22. The defendant's actions in terminating Plaintiff's employment were based on her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 1991.

23. Because of such conduct, the plaintiff has suffered lost wages and benefits, severe emotional distress, embarrassment and humiliation.

24. The defendant's actions in terminating the plaintiff were wilful, with malice and with reckless disregard for the plaintiff's federally protected rights.

25. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back-pay, injunctive and declaratory judgment. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI.   COUNT TWO - AGE DISCRIMINATION IN TERMINATION/LAYOFF

26. The plaintiff re-alleges and incorporates by reference paragraphs 1-25 above with the same force and effect as if fully set out in specific detail herein below.

27. As described above, Plaintiff was treated differently because of her age, which is over 40 years old, when she was selected for termination/layoff from her position with the defendant, when similarly situated, less qualified younger employees, Kyle Waldon and Derrick Williams, were treated more favorably and were not terminated.

28. The defendant's actions in terminating Plaintiff's employment were based on her age in violation of the Age Discrimination in Employment Act (ADEA).

29. Because of such conduct, the plaintiff has suffered lost wages and benefits.

30. The defendant's actions in terminating the plaintiff were wilful, with malice and with reckless disregard for the plaintiff's federally protected rights.

31. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back-pay, injunctive and declaratory judgment. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VII. **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff respectfully prays that this Court assumes jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies and practices, conditions, and customs of the defendant are violative of the rights of the plaintiff as secured by 42 U.S.C. §2000e, *et seq.* and as secured under the Age Discrimination and Employment Act, 29 U.S.C. §621 *et seq.*

2. Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* and a permanent injunction for continuing to violate 42 U.S.C. §2000e, *et seq.*

3. Enter an Order requiring the defendant to make the plaintiff whole by awarding her the position she would have occupied in the absence of age and sex discrimination, back-pay (plus interest), front-pay, lost seniority, lost benefits, compensatory and punitive damages and liquidated damages.

4. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

_/s/ Kevin W. Jent_
Kevin W. Jent
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY A STRUCK JURY

_/s/_
OF COUNSEL

Defendant's Address

Community Education Centers
d/b/a Alabama Therapeutic Education Facility
c/o Corporate Creations Network, Registered Agent
6 Office Park Circle, #100
Mountain Brook, AL 35223